| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- |
| | )SS: | CAUSE NO. 02D09-1804-PL-000123 |
| COUNTY OF ALLEN | ) | Allen Superior Court 9 |

JEREMY J. ZARTMAN,  )
       Plaintiff,  )
vs.  )
JEFFREY S. TAME, and  )
METROPOLITAN LIFE  )
INSURANCE COMPANY,  )
       Defendants.  )

## COMPLAINT

COMES NOW Plaintiff, Jeremy J. Zartman, by counsel, Van Gilder & Trzynka, P.C., by David C. Van Gilder, and files this Complaint against Defendants, Jeffrey S. Tame and Metropolitan Life Insurance Company, as follows:

### FACTUAL BACKGROUND

1. Plaintiff, Jeremy J. Zartman ("Jeremy" or "Plaintiff"), is and was at all times material an individual residing in Allen County, Indiana and is a surviving son of Carolyn J. Wildey ("Carolyn") who died on March 9, 2017.

# EXHIBIT B

2. Defendant, Jeffrey S. Tame, is and was at all times material an individual residing in Allen County, Indiana and was married to Carolyn until their divorce on or about February 9, 2011.

3. Defendant, Metropolitan Life Insurance Company ("MetLife"), is and was at all times material a corporate entity registered to sell life insurance in the State of Indiana. At all times material, Defendant was in the business of selling insurance to Indiana citizens and residents throughout the State of Indiana, including life insurance.

4. Counts I – III of this Complaint are brought against MetLife. Jeffrey S. Tame is included as a nominal defendant only, and no claims are asserted against him.

5. MetLife issued a General Motors Basic Life Insurance Policy No. 0015500 (the "Policy") insuring Carolyn's life and providing a death benefit of $66,000. MetLife has refused to provide a copy of the Policy.

6. On or about May 19, 2004, Carolyn submitted a Designation of Beneficiary form naming her husband to be, Jeffrey S. Tame, as the 100% beneficiary of the Policy. Carolyn named Jeremy, Joshua L. Zartman, and Justin S. Tame as the contingent beneficiaries. A true and correct copy of the executed Designation of Beneficiary form is attached hereto as Exhibit "A".

**EXHIBIT B**

7. On or about March 4, 2011, Carolyn submitted a new Beneficiary Designation form to MetLife, directing that MetLife change the primary beneficiaries of the Policy to her sons, Jeremy and Joshua L. Zartman, with 50% shares to each. A true and correct copy of the executed Beneficiary Designation form is attached hereto as Exhibit "B".

8. On or about March 9, 2011, MetLife sent Carolyn a letter stating that the March 4, 2011 Beneficiary Designation form was not processed due to incomplete or missing information, namely, that the form did not include the date of birth for all primary and contingent beneficiaries. A true and correct copy of the MetLife letter is attached hereto as Exhibit "C".

9. Contrary to MetLife's assertion, the March 4, 2011 Beneficiary Designation form clearly includes the date of birth for each of the primary beneficiaries, Jeremy and Joshua L. Zartman. No contingent beneficiaries are listed on the form.

10. Carolyn died on March 9, 2017.

11. Following Carolyn's death, Jeremy properly filed a claim with MetLife for receipt of his 50% share of the Policy benefit and provided MetLife with the requested documentation verifying his entitlement to the Policy proceeds.

# EXHIBIT B

12. Jeffrey S. Tame also asserted a claim for 100% of the Policy proceeds.

13. On or about June 1, 2017, MetLife sent Jeremy a letter denying his beneficiary claim for the Policy proceeds. MetLife's letter states that Carolyn's March 4, 2011 Beneficiary Designation form was rejected and that Carolyn's ex-husband, Jeffrey S. Tame, is the sole beneficiary despite their dissolution of marriage. A copy of MetLife's letter is attached hereto as Exhibit "D".

14. Plaintiff has made demands upon MetLife for payment of his 50% share of the Policy proceeds as intended by Carolyn in the properly completed March 4, 2011 Beneficiary Designation form and as required under the terms of the Policy, but MetLife has refused to make payment.

15. Plaintiff has been required to employ counsel and has incurred other costs in order to enforce his contractual rights against MetLife.

## COUNT I
## BREACH OF CONTRACT

16. MetLife is in breach of its Contract by its failure to pay to Jeremy the proceeds of the Policy, which breach has caused damages to Jeremy.

# EXHIBIT B

## COUNT II
## BAD FAITH

17. MetLife had a duty to exercise good faith in dealing with Jeremy and in promptly processing and paying Jeremy the proceeds of the Policy.

18. MetLife, by virtue of its conduct, has breached said duty of good faith and has acted in bad faith in refusing to pay to Jeremy the proceeds to which he is entitled.

19. MetLife's conduct is such that it should be punished by an award of punitive damages in an amount which will serve to punish MetLife and serve as a deterrent to engaging in like conduct with others.

## COUNT III
## NEGLIGENCE

20. MetLife's failure to properly process Carolyn's March 4, 2011 Designation of Beneficiary form designating her sons, Jeremy and Joshua L. Zartman, as primary beneficiaries constituted negligence resulting in damage to Plaintiff.

WHEREFORE, Plaintiff, Jeremy J. Zartman, prays that the Court enter a judgment against Defendant, Metropolitan Life Insurance Company, and in favor of the Plaintiff, in a reasonable sum as compensatory damages, for the costs of this action, attorney fees, and all other just and proper relief in the premises.

# EXHIBIT B

Respectfully submitted,

*/s/ David C. Van Gilder*
David C. Van Gilder, #15290-02
Andrew P. Simmons, #27349-49
VAN GILDER & TRZYNKA, P.C.
436 E. Wayne Street
Fort Wayne, IN 46802
Email: dvangilder@vgtlaw.com
Email: asimmons@vgtlaw.com
Phone: (260) 424-8132
Fax: (260) 969-5361

# EXHIBIT B